FILED
6/11/2025 4:14 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

EXHIBIT B

CAUSE NO. CC-25-04539-D

| | | |
|---|---|---|
| TERESA ANN THEOBALD, AS NEXT FRIEND OF LORETTA SUE HEINCY, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 4 |
| | § | |
| CVS PHARMACY INC. d/b/a CVS/PHARMACY #6847, LEOPARDO COMPANIES, INC., AND THOMAS JACOBS, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

# PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Teresa Ann Theobald, as Next Friend of Loretta Sue Heincy, files this Original Petition and Jury Demand against Defendants CVS Pharmacy Inc. d/b/a CVS/Pharmacy #6847, Leopardo Companies, Inc., and Thomas Jacobs, and in support thereof, respectfully shows this Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## II. AMOUNT IN CONTROVERSY

2. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief over $1,000,000. The damages sought are within the Court's jurisdictional limits.

## III. PARTIES

3. Plaintiff, Teresa Ann Theobald, as Next Friend of Loretta Sue Heincy, is an individual residing in Collin County, Texas.

4. Defendant CVS Pharmacy, Inc. d/b/a CVS/Pharmacy #6847 (CVS) is a Rhode Island corporation doing business in the State of Texas. CVS is the owner/operator and has control of the premises located at 2510 W. Walnut St. Garland, Texas 75042. CVS may be served with process through its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. **<u>The issuance of a citation is requested.</u>**

5. Defendant Leopardo Companies, Inc. (Leopardo Companies) is a Illinois corporation doing business in the State of Texas. Leopardo Companies may be served with process through its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found. **<u>The issuance of a citation is requested.</u>**

6. Defendant Thomas Jacobs is an individual and is domiciled in and a resident of Collin County, Texas. Upon information and belief, Defendant

Thomas Jacobs can be served personally at his residence located at 763 Gentle Bird Dr., Lavon, Texas ,75166, or wherever he may be found. **The issuance of a citation is requested.**

7. Plaintiff specifically invokes her right to institute this suit against Defendants, any other name which has been used to designate them, or which they have used. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were "alter-egos" of parties named herein.

## IV. JURISDICTION AND VENUE

8. Venue of this action is proper in Dallas County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) because Dallas County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

9. Additionally, this Court has subject matter jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

## V. FACTS

10. To the extent not inconsistent herewith, Plaintiff incorporates each of the foregoing paragraphs by reference, as if set forth fully herein.



2025-07-11 16:18 CVS 9724850031 >> P 6/15

11. On August 26, 2023, eighty-four-year-old Loretta Sue Heincy visited the CVS/Pharmacy #6847 located at 2510 W. Walnut Street, Garland, Texas 75042 (the "Store") to pick up her prescription medication. She slipped and fell on a poorly maintained section of pavement on the exterior of the Store, sustaining serious injuries (the "Incident").

12. Upon information and belief, both CVS and Leopardo Companies possessed, maintained, and/or controlled the Store, including its entrances, paved areas, and drive-through. CVS and Leopardo Companies had closed the front entrance due to ongoing construction work at the Store and had posted a sign advising pharmacy customers to go to the drive-through or side entrance.

13. Upon information and belief, Thomas Jacobs was an employee of CVS. At the time of the Incident, Thomas Jacobs was working the pharmacy drive-through and directed Mrs. Heincy to walk around the building to the side entrance. She followed these instructions and walked through a paved area that, unbeknownst to her, was poorly maintained and slippery as a result of standing runoff from the Store.

14. The slippery runoff was an unreasonably dangerous condition. CVS and Leopardo Companies knew or should have known that this unreasonably dangerous condition existed. Nevertheless, they failed to notify or adequately warn Mrs. Heincy and failed to take reasonable steps to make the condition safe. CVS and/or Leopardo Companies created an unreasonably

dangerous condition by failing to keep the ground safe and free of hazards. Further, CVS's employee, Thomas Jacobs, directed Mrs. Heincy—an elderly woman—into a hazardous area and failed to place any sign or give any warning to alert her to the condition.

15. Defendants' negligence, gross negligence, and negligence *per se*, was a proximate cause of Mrs. Heincy's injuries and damages.

## VI. NEGLIGENCE OF ALL DEFENDANTS

16. To the extent not inconsistent herewith, Plaintiff incorporates each of the foregoing paragraphs by reference, as if set forth fully herein.

17. Defendants owed Mrs. Heincy a duty of ordinary care.

18. Defendants breached this duty, including, but not limited to, the following ways:

a. Failing to keep the premises, where Mrs. Heincy was injured, in a reasonably safe condition;

b. Creating a dangerous condition by failing to keep the area free of hazards;

c. Creating a dangerous condition in failing to utilize proper signage or provide any warning to alert Mrs. Heincy to the condition;

d. Creating a dangerous condition by leaving the publicly accessible walking surfaces wet;

e. Failing to properly, adequately, and timely inspect the premises to discover the dangerous condition;

f. Failing to adequately remedy the dangerous condition on the premises after Defendants created or became aware of the unreasonably dangerous condition;



2025-07-11 16:19 CVS 9724850031 >> P 8/15

g. In negligently hiring, training, supervising, and/or retaining, its employees, agents, subcontractors, and/or representatives;

h. In negligently directing Mrs. Heincy—an elderly customer—into a hazardous area not intended for pedestrian use, knowing or having reason to know that it was unsafe;

i. Failing to provide a safe and accessible means of entry to the pharmacy for pedestrians;

j. Failing to close off or restrict access to the dangerous area, despite knowing it was unsafe for pedestrian traffic;

k. Failing to adhere to industry standards and applicable policies, rules, and regulations; and

l. Failing to create, implement, or enforce policies and procedures for the safety of customers.

19. Defendants' breaches proximately caused severe, disabling, and permanent injuries and damages to Mrs. Heincy, including, but not limited to the following: past and future medical care, including past and future pharmaceutical care, life care, therapy, rehabilitation, and treatment expenses; past and future pain and suffering; past and future mental anguish; past and future disfigurement; and past and future physical impairment. In addition to each of these damages, Plaintiff also seeks prejudgment and post-judgment interest as well as all compensable court costs.

## VII. NEGLIGENT UNDERTAKING OF DEFENDANTS CVS AND THOMAS JACOBS

20. To the extent not inconsistent herewith, Plaintiff incorporates each of the foregoing paragraphs by reference, as if set forth fully herein.

21. Defendants CVS and Thomas Jacobs undertook to perform services, namely, to direct Mrs. Heincy on how to access the Store to obtain her prescription due to their construction project. They knew or should have known that these services were necessary for the protection of Mrs. Heincy, whom they knew to be an elderly individual. Defendants failed to exercise reasonable care in performing those services.

22. Mrs. Heincy relied on Defendants' performance of the services.

23. Defendants' performance increased her risk of harm because they sent her to a hazardous area.

24. Defendants' negligent undertaking proximately caused the Incident and Mrs. Heincy's injuries and damages.

## VIII. PREMISES LIABILITY OF DEFENDANTS CVS AND LEOPARDO COMPANIES

25. To the extent not inconsistent herewith, Plaintiff incorporates each of the foregoing paragraphs by reference, as if set forth fully herein.

26. Defendants CVS and Leopardo Companies owned, operated, possessed, maintained and/or otherwise had the contractual right to control the premises, and/or exercised actual control of the premises at all times relevant to this lawsuit.

27. Mrs. Heincy was an invitee on the premises, which was accessible to the public. The dangerous condition that CVS and Leopardo Companies

created and allowed to exist on the premises posed an unreasonable risk of harm.

28. CVS and Leopardo Companies had a duty to exercise ordinary care to ensure that the premises and Defendants' activities did not present a danger to Plaintiff. This duty includes the duty to warn or to cure the unreasonably dangerous condition that posed a foreseeable risk of harm to invitees, including Mrs. Heincy.

29. Defendants breached the duty of ordinary care by failing to make the condition reasonably safe and failing to adequately warn Mrs. Heincy of the condition. Defendants' breach was a proximate cause of her injuries and damages.

30. Defendants CVS and Leopardo Companies breached their duties to Plaintiff by, among other things:

a. Failing to keep a proper lookout for conditions on the premises, which create a dangerous condition for invitees;

b. Failing to exercise the degree of care owed to its invitees on the premises of the property;

c. In negligently and with total disregard for the safety of invitees on the premises, allowing and creating a dangerous condition for Plaintiff and others similarly situated, and ultimately causing Plaintiff's injuries;

d. Failing to adequately remedy the dangerous condition;

e. Failing to adequately warn Plaintiff and others similarly situated of the hazardous condition on the premises; and



2025-07-11 16:20 CVS 9724850031 >> P 11/15

f. Directing Mrs. Heincy into a known hazardous area without taking reasonable steps to ensure the safety of that route.

31. Defendants' breach was a proximate cause of Plaintiff's injuries and damages.

## IX. GROSS NEGLIGENCE OF ALL DEFENDANTS

32. To the extent not inconsistent herewith, Plaintiff incorporates by reference all of the above facts and paragraphs as if set forth fully herein.

33. Plaintiff would show that, at the time of the Incident in question, Defendants were grossly negligent in that their conduct, when viewed objectively from the standpoint of the actor at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others—namely the risk that an elderly customer could be injured on a slippery and hazardous surface.

34. Defendants had actual, subjective awareness of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Mrs. Heincy.

35. Defendants' grossly negligent acts and omissions proximately caused Mrs. Heincy's injuries and damages.

## X. DAMAGES

36. To the extent not inconsistent herewith, Plaintiff incorporates each of the foregoing paragraphs by reference, as if set forth fully herein.



2025-07-11 16:20 CVS 9724850031 >> P 12/15

37. As a consequence of Defendants' wrongful conduct described herein, Plaintiff seeks to recover actual, compensatory, consequential, and special damages, including, but not limited to, the following: past and future medical, pharmaceutical, life care, therapy, rehabilitation, and treatment expenses; past and future pain and suffering; past and future mental anguish; past and future disfigurement; and past and future physical impairment.

## XI. EXEMPLARY DAMAGES

38. The acts and/or omissions of Defendants constitute gross negligence, as that term is defined in Texas Civil Practice and Remedies Code section 41.001(11). The grossly negligent acts and/or omissions of Defendants were the proximate cause of Mrs. Heincy's injuries and damages in an amount within the jurisdictional limits of this Court for which Plaintiff seeks judgment.

39. Since Mrs. Heincy's injuries and damages resulted from Defendants' gross negligence, Plaintiff seeks exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## XII. NOTICE OF SELF-AUTHENTIFICATION OF DOCUMENTS

40. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this shall serve as another written notice of Plaintiff's intent to self-authenticate any and all documents produced in discovery, and that such documents may be used against the party producing same at any pre-trial proceeding, hearing and at the time of any trial, post-trial matter or appeal regarding this case.



2025-07-11 16:21 CVS 9724850031 >> P 13/15

## XIII. JURY DEMAND

41. Plaintiff respectfully requests that the trial of this cause be by jury, and Plaintiff will tender the requisite fee.

## XIV. PRAYER

42. Plaintiff prays that Defendants be cited to appear and answer in this cause and that, upon final verdict, Plaintiff be awarded a Final Judgment against Defendants for the following:

a. Past and future medical expenses;

b. Past and future pain and suffering;

c. Past and future mental anguish;

d. Past and future disfigurement;

e. Past and future physical impairment;

f. All other economic and noneconomic damages allowed by law;

g. Punitive and exemplary damages;

h. Costs of court;

i. Prejudgment and post-judgment interest at the maximum rate allowable by law; and

Finally, Plaintiff prays for such other and further relief to which she is justly entitled.

DATED the 11th day of June 2025.

Respectfully submitted,

By: _/s/ Delma J. Gorostieta_
Delma J. Gorostieta
State Bar No. 24123863
dgorostieta@hamiltonwingo.com
Christopher S. Hamilton
State Bar No. 24046013
chamilton@hamiltonwingo.com
**HAMILTON WINGO, LLP**
325 N. St. Paul Street, Suite 3600
Dallas, Texas 75201
Telephone: (214) 234-7900
Facsimile: (214) 234-7300

**ATTORNEYS FOR PLAINTIFF**



2025-07-11 16:21 CVS 9724850031 >> P 15/15

RE: Store # 06847

7/10/25

Electronically Serve
6/25/2025 8:31 A

2025-07-11 16:16 CVS 9724850031 >> P 2/15

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-25-04539-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

THOMAS JACOBS
763 GENTLE BIRD DRIVE
LAVON TX 75166

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

TERESA ANN THEOBALD, AS NEXT FRIEND OF LORETTA SUE HEINCY
*Plaintiff(s)*

VS.

CVS PHARMACY INC. D/B/A CVS/PHARMACY #6847; LEOPARDO COMPANIES, INC.; THOMAS JACOBS
*Defendant(s)*

filed in said Court on the 11th day of June, 2025, a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 25th day of June, 2025 A.D.

JOHN F. WARREN, Dallas County Clerk

By [signature], Deputy
Daniel Yzaguirre

COUNTY COURT OF DALLAS COUNTY, TEXAS

---

ATTORNEY

CITATION
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

CC-25-04539-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

TERESA ANN THEOBALD, AS NEXT FRIEND OF LORETTA SUE HEINCY,
*Plaintiff(s)*

VS.

CVS PHARMACY INC. D/B/A CVS/PHARMACY #6847; LEOPARDO COMPANIES, INC.; THOMAS JACOBS, *Defendant(s)*

SERVE:
THOMAS JACOBS
763 GENTLE BIRD DRIVE
LAVON TX 75166

ISSUED THIS
25TH DAY OF JUNE, 2025

JOHN F. WARREN, COUNTY CLERK
BY: DANIEL YZAGUIRRE, DEPUTY

Attorney for Plaintiff
DELMA J GOROSTIETA
1111 W MOCKINGBIRD LANE
SUITE 1200
DALLAS TX 75247
214-941-8300

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# OFFICER'S RETURN

CC-25-04539-D County Court at Law No. 4

TERESA ANN THEOBALD, AS NEXT FRIEND OF LORETTA SUE HEINCY vs. CVS PHARMACY INC. D/B/A CVS/PHARMACY #6847, LEOPARDO COMPANIES, INC., THOMAS JACOBS

**ADDRESS FOR SERVICE:**
763 GENTLE BIRD DRIVE
LAVON TX 75166

**Fees:**
Came to hand on the _____day of ______________, 20________, at _____o'clock _____.m., and executed in ____________ County, Texas by delivering to THOMAS JACOBS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), ______________________________

The diligence used in finding said defendant(s) being:

______________________________

and the cause or failure to execute this process is:

______________________________

and the information received as to the whereabouts of said defendant(s) being:

______________________________

Serving Petition and Copy $__________ ______________________________, Officer

Total $__________ ______________________________, County, Texas

By:______________________________, Deputy

______________________________, Affiant