UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA ANN THEOBALD, as next Friend of LORETTA SUE HEINCY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:25-CV-2144-B |
| CVS PHARMACY, INC. d/b/a CVS PHARMACY #6847; LEOPARDO COMPANIES, INC., and THOMAS JACOBS, | § § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Remand (Doc. 5), filed by Plaintiff Teresa Ann Theobald as next friend of Loretta Sue Heincy. The Court **GRANTS** the Motion.

I.

BACKGROUND

Plaintiff Teresa Ann Theobald filed this lawsuit in state court on behalf of Loretta Sue Heincy, alleging Heincy sustained injuries when she "slipped and fell on a poorly maintained section of pavement" outside of a store location (the "CVS Store") owned, maintained, and controlled by Defendants CVS Pharmacy, Inc. ("CVS") and Leopardo Companies, Inc. ("Leopardo"). Doc. 1-3, Original Pet. ¶¶ 11-12. Theobald filed her action in state court, asserting various negligence-based causes of action against CVS, Leopardo, and Thomas Jacobs. *See id.* ¶¶ 16-35. As relevant here, Jacobs is allegedly an employee of CVS who was present at the time of the accident. *Id.* ¶ 13. Theobald contends that Jacobs specifically directed Heincy to walk on the precarious section of

pavement without warning her of any potential dangers. *Id.* ¶ 14. Theobald asserts two causes of action against Jacobs specifically: negligence and negligent undertaking. *Id.* ¶¶ 16-24.

CVS removed the action to this court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1, Notice Removal ¶ 7. CVS contends that there is diversity of citizenship because Heincy is a citizen of Texas,[1] CVS is a citizen of Rhode Island, and Leopardo is a citizen of Illinois—making removal proper. *Id.* ¶¶ 9-10. While Jacobs is allegedly a citizen of Texas, CVS would have the Court disregard Jacobs's citizenship as an "improperly joined" defendant—added only to thwart federal jurisdiction. *Id.* ¶ 11. Theobald filed her Motion to Remand shortly thereafter, contending that Jacobs is a properly joined defendant who defeats the complete diversity requirement of § 1332. *See* Doc. 5, Mot. Remand, 1.

The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (internal quotation marks and citation omitted). Federal district courts possess original jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. § 1332(a). The "complete diversity" requirement

---

[1] The Petition does not allege Heincy's citizenship, and neither party discusses it in their briefs. However, in response to the Court's Show Cause Order (Doc. 12), CVS provided sufficient facts for the Court to find that Heincy was a resident and citizen of Texas at the time this action was filed. *See* Doc. 14, Br. Resp. Show Cause Order, 4-5.

demands that "all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1258 (5th Cir. 1988) (citation omitted).

The burden falls on a removing defendant to establish jurisdiction, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007). When a defendant removes an action to federal court on the basis of improper joinder, the burden is particularly heavy. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004) (en banc), *cert. denied,* 544 U.S. 992 (2005). To establish improper joinder, such that a court may disregard a particular defendant for citizenship purposes, the moving defendant has two options: The defendant must show (1) "actual fraud" in pleading jurisdictional facts, or (2) an "inability of the plaintiff to establish a cause of action" against the non-diverse defendant in state court. *Id.* at 573 (quoting *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003)).

Absent evidence of actual fraud in pleading jurisdiction, the removing defendant is left with only the second option—showing that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. Under this second option the court may take one of two approaches: (1) a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant"; or (2) a court may "pierce the pleadings and conduct a summary inquiry" to determine whether the plaintiff, while stating a claim, "has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* (citation omitted). Under the second approach, piercing the pleadings is only appropriate "to identify the presence of discrete and *undisputed* facts" that preclude a plaintiff's recovery—it is not an inquiry into the merits. *Id.* at 573-74 (emphasis added). While a court's summary inquiry should not involve an evidentiary hearing, courts can

consult "appropriate documentation in addition to the pleadings" while "resolv[ing] all disputed questions of fact in favor of the plaintiff." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *see Travis*, 326 F.3d at 649 (explaining that a court may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, *including those alleged in the complaint*, in the light most favorable to the plaintiff" (emphasis added) (citation omitted)). Finally, while a court may use either the 12(b)(6)-like or piercing-the-pleadings approach to determine whether the plaintiff cannot establish a cause of action, *it cannot use both*. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016).

### III.

### ANALYSIS

In opposition to Theobald's Motion to Remand, CVS and Jacobs (collectively "Defendants") contend that Jacobs was improperly joined and should not be considered for jurisdictional purposes; thus, there is complete diversity among the properly joined parties. Doc. 9, Defs.' Resp. Br. Mot. Remand, 2. Specifically, Defendants contend that Theobald cannot establish a cause of action against Jacobs because under a piercing-the-pleadings approach, it is "uncontroverted" that Jacobs had no interactions with Heincy. *Id.* at 2-3. Defendants support this argument with an affidavit from Jacobs, who claims that he did not speak with, interact with, or direct Heincy to walk on the pavement at issue.[2] Doc. 10-2, Defs.' Resp. Mot. Remand App., Ex. B ¶¶ 4-5. Theobald counters Defendants' arguments with her own affidavit. There, Theobald asserts that on the day of the

---

[2] Whether Jacobs personally interacted with Heincy and directed her to walk on the section of pavement at issue is the relevant inquiry here because an employee acting in the scope of employment can generally only be *personally* liable for their own tortious acts. *See Keyes v. Weller*, 692 S.W.3d 274, 279 (Tex. 2024). Thus, to show that Jacobs could be held personally liable for negligence or negligent undertaking, Theobald must show that Jacobs created and violated an "independent duty of reasonable care to the injured party apart from the employer's duty." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

accident, she went to the CVS Store to speak with a CVS employee about what happened, at which point she spoke with a man who identified himself as Jacobs. Doc. 11-1, Reply Mot. Remand App., Ex. A ¶¶ 3-4. According to Theobald, Jacobs informed her that he had been the manager and pharmacist on duty that day. *Id.* ¶ 4. Theobald also submits a handwritten note, allegedly written by Jacobs for her use, *see id.* ¶ 5, which contains the address of the CVS Store, a phone number, and the words "Pharmacy Manager: Thomas Jacobs," Doc. 11-2, Reply Mot. Remand App., Ex. B. Moreover, Theobald alleged in her Petition that Jacobs personally directed Heincy to walk through the paved area at issue. Doc. 1-3, Original Pet. ¶ 13.

Defendants do not allege fraud in pleading jurisdiction. Accordingly, to show that Jacobs was improperly joined, Defendants must demonstrate that Theobald cannot establish a cause of action against Jacobs in state court. To do this, Defendants appear to request that the Court use the pierce-the-pleadings approach rather than the 12(b)(6)-type analysis. *See* Doc. 9, Defs.' Resp. Br. Mot. Remand, 6-7. Thus, the Court will only consider whether there are "discrete and *undisputed* facts" which Theobald "misstated or omitted" in her Petition that preclude Theobald's recovery against Jacobs. *See Smallwood*, 385 F.3d at 573-74 (emphasis added). The Court does not inquire into the merits of Theobald's claims against Jacobs, *see id.* at 574, and must resolve all disputed questions of fact in favor of Theobald, *see Burden*, 60 F.3d at 217. Thus—based on Theobald's affidavit and the accompanying handwritten note allegedly written by Jacobs—the Court presumes, as it must, that Jacobs was in fact at the CVS store and on duty as manager at the time of the accident.

Defendants present Jacobs's own affidavit as "undisputed" evidence that even if Jacobs was present at the store at that time, he did not interact with Heincy in any way. Doc. 10-2, Defs.' Resp. Mot. Remand App., Ex. B ¶¶ 4-5. But Jacobs's affidavit does not establish that Theobald misstated

or omitted any material fact. Instead, it merely raises a fact dispute that the Court cannot properly consider at this stage. In the face of the Petition's direct allegations that Jacobs *did* direct Heincy to walk on the section of pavement at issue, *see* Doc. 1-3, Original Pet. ¶ 13, and the Court's required (and undisputed) presumption at this stage that Jacobs *was* present at the time of the incident, the Court cannot find that any omitted "discrete and undisputed facts" plainly preclude Theobald from establishing a state law cause of action against Jacobs. *See Smallwood*, 385 F.3d at 573-74. Whether Theobald can prove her allegations *on the merits* is a separate inquiry that goes beyond the scope of the Court's improper joinder analysis.

Defendants' reliance on *Parker v. PetSmart, LLC* is misplaced. In *Parker*, a district court found improper joinder because the non-diverse defendant presented undisputed evidence that he could not have been present when the accident took place and thus could not have been responsible for a "slip and fall" accident, because his shift had ended five hours earlier. No. 21-CV-3327, 2022 WL 1256710, at *4-5 (W.D. La. Mar. 8, 2022), *report and recommendation adopted*, No. 21-CV-3327, 2022 WL 1251310 (W.D. La. Apr. 27, 2022). Unlike *Parker*, where *undisputed* facts demonstrated that it was *impossible* for the in-state defendant to have done what was alleged in the complaint, *see id.*, Defendants here merely dispute some of the Petition's fact allegations by claiming that Jacobs did not in fact direct or otherwise interact with Heincy, *compare* Doc. 10-2, Defs.' Resp. Mot. Remand App., Ex. B ¶¶ 4-5, *with* Doc. 1-3, Original Pet. ¶ 14. Defendants do not present evidence that Jacobs *could not have* directed Heincy toward the hazardous pavement. They only assert a self-serving affidavit from Jacobs that he did not do so. *See generally* Doc. 10-2, Defs.' Resp. Mot. Remand App., Ex. B. Indeed, Theobald presents evidence that Jacobs was both present on the scene and managing

the store at the time of the accident. *See* Doc. 11-1, Reply Mot. Remand App., Ex. A ¶¶ 3-4; Doc. 11-2, Reply Mot. Remand App., Ex. B.

Accordingly, the Court cannot find that any misstated and undisputed facts would preclude Theobald's recovery against Jacobs. Jacobs is a properly joined, non-diverse defendant. Finding a lack of diversity of citizenship, the Court finds that it lacks jurisdiction under § 1332(a) and must remand this action to state court.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Theobald's Motion to Remand (Doc. 5).

**SO ORDERED**.

**SIGNED: December 11, 2025.**

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE